## NO SUMMONS ISSUED

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

ORIGINAL

2012 DEC -7 PM 12: 11

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK

---

MOHAMMAD ALI MOHYUDDIN,

                    Plaintiff,

    - against -

SINA DRUG CORP, d/b/a ONCOMED
PHARMACEUTICAL SERVICES, and KAVESH
ASKARI,

                    Defendants.

---

CV 12       6043

CV-12-

WEXLER, J.

BOYLE, MJ

### NOTICE OF REMOVAL

      Defendants Sina Drug Corp, d/b/a Oncomed Pharmaceutical Services ("Sina Drug") and

Kavesh Askari ("Askari") (collectively, the "Defendants"), by and through their undersigned

counsel, hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, and

remove to the United States District Court for the Eastern District of New York the subject

action brought by Plaintiff Mohommad Ali Mohyuddin from the Supreme Court of the State of

New York, County of Nassau, Index No. 13648/2012.

      The grounds for removal are as follows:

### THE UNDERLYING STATE COURT ACTION

      1.    In a complaint served on or about November 9, 2012 (the "Complaint" a true and

correct copy of which is attached hereto as Exhibit A), Plaintiff challenges the propriety of

Defendants' federal tax return filings, including the delivery to Plaintiff and the federal taxing

authorities K-1 schedules indicating Plaintiff's 18% ownership interest in Sina Drug and that he,

therefore, received certain amounts in ordinary income relating to such ownership interest. *See*

Exh. A at ¶¶ 28-43. Plaintiff's sole demand in the underlying state court action is "judgment against the Defendants . . . in the sum to be determined based upon the amount of taxes owed and/or required to be paid," together with costs. *Id.* at 6.

2. Because of the federal tax issues implicated in the Complaint, Defendants hereby remove this action to this Court as arising under the laws of the United States.

3. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it has been filed within thirty days after service of the complaint and summons in the underlying state court action, which service occurred on or about November, 2012.

## JURISDICTION PURSUANT TO 28 U.S.C. § 1331

4. Under 28 U.S.C. § 1331, the District Courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States.

5. This action arises under the laws of the United States because it turns on substantial questions of federal law. *Accord Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfr'g*, 545 U.S. 308, 312 (2005) ("[T]his Court ha[s] recognized for nearly 100 years that in certain cases federal-question jurisdiction will lie over state-law claims that implicate significant federal issues.").

6. Plaintiff expressly alleges that he has been damaged "[a]s a result of the Defendants' improper tax filing . . . ." Exh. A at ¶ 37. *See also id.* at ¶ 43 ("As a result of the improper K-1 tax return filings of the Defendant SINA DRUG, Plaintiff has been damaged based upon the amount of actual taxes owed and/or paid..."). Plaintiff further alleges that money he "received pursuant to the settlement agreement did not represent income" received in specified years for federal income tax purposes. Compl. ¶ 42.

2

7.     Resolving whether Defendants' tax filings were "improper" and whether payments are "income" undeniably will turn on the interpretation and construction of Internal Revenue Code provisions and related Internal Revenue Service regulations and doctrines of tax law.

8.     The Supreme Court has held that "[t]he meaning of . . . federal tax provision[s] is an important issue of federal law that sensibly belongs in a federal court." *Grable*, 545 U.S. at 315.

## PROCEDURAL REQUIREMENTS

9.     Removal to this Court is proper because, in addition to the jurisdictional reasons stated above, it is "the district court of the United States for the district and division embracing the place where such action is pending," here the New York Supreme Court, County of Nassau. *See* 28 U.S.C. § 1441(a).

10.     Promptly after the filing of this Notice of Removal, a true and correct copy of the notice will be served on the adverse party pursuant to 28 U.S.C. § 1446(d), and Defendants will file a Notification of Filing of Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of Nassau, which will include a copy of this Notice of Removal.

11.     A true and correct copy of the Supreme Court's docket and file for the subject litigation is attached hereto as Exhibit B.

12.     This Notice of Removal has been signed pursuant to Rule 11 of the Federal Rules of Civil Procedure.

13.     Defendants reserve all defenses and objections to the Complaint including, but not limited to, (a) denying (i) the material allegations contained therein; (ii) that Plaintiffs state any

claim for which relief may be granted; (iii) that Plaintiffs have been damaged in any manner whatsoever; and (b) asserting that the action is barred by estoppel and release.

       14.    Defendants reserve the right to amend or supplement this Notice of Removal as necessary and appropriate.

Dated: New York, New York
       December 7, 2012

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: _____

James W. Perkins (perkinsj@gtlaw.com)
Roy Taub (taubr@gtlaw.com)
200 Park Avenue
New York, New York 10166
(212) 801-9200

*Attorneys for Defendants Sina Drug Corp,
d/b/a Oncomed Pharmaceutical Services,
and Kavesh Askari*

TO:    THE LAW OFFICE OF STEVEN COHN, P.C.
        Attn.: Mitchell R. Goldklang, Esq.
        One Old Country Road, Suite 420
        Carle Place, New York 11514
        (516) 294-6410

        *Attorneys for Plaintiff*

4

Ex A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X

MOHAMMAD ALI MOHYUDDIN,

Index No: 12 - 01364

                                        Plaintiff,                    VERIFIED COMPLAINT

        -against-

SINA DRUG CORP. d/b/a ONCOMED
PHARMACEUTICAL SERVICES and KAVESH
ASKARI,

                                        Defendants.
-------------------------------------------------------------------X

        Plaintiff, MOHAMMAD ALI MOHYUDDIN, by his attorneys, the Law Office of Steven

Cohn, P.C., complaining of the Defendants, SINA DRUG CORP. d/b/a ONCOMED

PHARMACEUTICAL SERVICES and KAVESH ASKARI, alleges upon information and belief,

as follows:

        1.      At all times hereinafter mentioned, Plaintiff MOHAMMAD ALI MOHYUDDIN was

and still is a resident of the County of Nassau and State of New York.

        2.      Plaintiff MOHAMMAD ALI MOHYUDDIN is a physician and pharmacist licensed

to practice under the laws of the state of New York.

        3.      Upon information and belief, Defendant SINA DRUG CORP. (hereinafter "SINA

DRUG") is a closely-held corporation and existing under the laws of the State of New York.

        4.      Upon information and belief KAVAH ASKARI is an individual residing at 6 Park

Avenue, Manhasset, New York 11021.

        5.      Upon information and belief KAVEH ASKARI is the sole shareholder of Sina Drug.

        6.      Upon information and belie KAVEH ASKARI  is the sole principal and director of

Sina Drug.

## BACKGROUND

7.    Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "6" of the Complaint with the same force and effect as if said paragraphs were set forth fully herein.

8.    In or about April, 2003, Plaintiff was hired as an employee of Defendant SINA DRUG by its principal, Defendant KAVEH ASKARI (hereinafter "ASKARI") at a weekly salary agreed upon between the parties.

9.    Upon information and belief, Defendant ASKARI was the sole shareholder of SINA DRUG at the time of Plaintiff's hiring to date and continuing.

10.    Upon information and belief, at all times relevant hereto, Defendant ASKARI was the sole officer and director of SINA DRUG and controlled its affairs.

11.    At the time of Plaintiff's hiring, in addition to his weekly salary, Defendant ASKARI promised Plaintiff an 18% ownership interest in SINA DRUG.

12.    Although Plaintiff was promised an 18% ownership interest in SINA DRUG, plaintiff was never made a shareholder of said company or provided an 18% interest in SINA DRUG.

13    Plaintiff was never an officer or director of SINA DRUG and he never took on any fiduciary responsibilities of the company at any time.

14.    On more than one occasion during his employment with SINA DRUG, Plaintiff asked Defendant ASKARI to memorialize his ownership interest and to issue shares representing his 18% ownership interest in SINA DRUG.  Notwithstanding ASKARI's promise to provide such documentation and issue shares to Plaintiff, he failed and refused to do so.

-2-

15. On or about May 2, 2005, Plaintiff's employment with SINA DRUG terminated.

16. Even though he was no longer an employee of SINA DRUG, Plaintiff never received distributions of his proportionate share of the company's net profit.

17. From 2005 until the present, Plaintiff was never paid a salary by SINA DRUG.

18. From 2005 until the present, Plaintiff never shared in the profits of SINA DRUG.

19. From 2005 until the present, Plaintiff never received any form of compensation from SINA DRUG.

## AS AND FOR A FIRST CAUSE OF ACTION

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "19" of the Complaint with the same force and effect as if said paragraphs were set forth fully herein.

21. On or about August, 2006, SINA DRUG and ASKARI commenced an action against Plaintiff for a variety of allegations. Following several years of litigation, the Defendant in that action, Mohammad Mohyuddin (plaintiff herein), entered into a Settlement Agreement with the Plaintiff in that action Kaveh Askari(defendant herein), by which all claims or counterclaims, including any claim made by Mohyuddin to share in Oncomed, would be settled as Oncomed agreed to pay Mohyuddin Three Million Eight Hundred Thousand ($3,800,000.00) Dollars in settlement of the counterclaims.

22. Concurrent with the execution of the Settlement Agreement dated May 9, 2011, Oncomed had placed in escrow a share certificate representing 18% of the shares of Oncomed.

23. The shares were thereafter held in escrow pending payment of the settlement in full made by Oncomed to Mohyuddin.

24.     Payment in full was thereafter made on July 15, 2011.

25.     Following payment in full, the share certificate representing eighteen (18%) percent of Oncomed having been held in escrow became void.

26.     At no time did Plaintiff ever receive any shares of Sina Drug, nor was he ever a shareholder of Sina Drug.

27.     At no time did Plaintiff ever receive any ownership interest in Sina Drug.

28.     Following full payment of the settlement by Defendant ASKARI, said Defendant thereafter amended his 2007, 2008, 2009 and 2010 tax returns. Copies of the Schedule K-1 forms from those returns are annexed hereto.

29.     On the 2007 K-1 schedule, SINA DRUG claimed that the Plaintiff received thirty-seven thousand six hundred and thirty-eight ($37,638.00) dollars in ordinary income based upon 18% share of the company.

30.     On the 2008 K-1 schedule, SINA DRUG claimed that the Plaintiff received Three Hundred Ninety Thousand Seven Hundred Twenty-Seven ($390,727.00) Dollars in ordinary income based upon 18% share of the company.

31.     On the 2009 K-1 schedule, SINA DRUG claimed that the Plaintiff received Four Hundred Forty-Three Thousand One Hundred Eight ($443,108.00) Dollars in ordinary income based upon 18% share of the company.

32.     On the 2010 K-1 schedule, SINA DRUG claimed that the Plaintiff received Three Hundred Ninety-Six Thousand Three Hundred Twenty-Five ($396,325.00) Dollars in ordinary income based upon 18% share of the company.

33.     Plaintiff never received thirty-seventy thousand six hundred and thirty($37,638.00)Dollars in income from the Defendant in 2007.

34.     Plaintiff never received Three Hndred Ninety Thousand and Seven Hundred Twenty-Seven($390,727.00) Dollars in income from the Defendant in 2008.

35.     Plaintiff never received Four Hundred Forty-Three Thousand One Hundred Eight ($443,108.00) Dollars in income from the Defendant in 2009.

36.     Plaintiff never received Three Hundred Ninety-Six Thousand Three Hundred Twenty-Five ($396,325.00) Dollars in income from the Defendant in 2010.

37.     As a result of the Defendant's improper tax filing, Plaintiff will be required to pay taxes for the years 2007, 2008, 2009 and 2010.

38.     Defendants filing of the aforementioned K-1 schedules was improper as Plaintiff was never a shareholder of SINA DRUG.

39.     At no time was Plaintiff ever issued any shares of stock of SINA DRUG nor did Defendant permit Plaintiff to enjoy the benefits of any such shareholder interest.

40.     At no time did Plaintiff ever receive any shareholder rights or benefits legally flowing therefrom, including, but not limited to distributions of any monthly and annual net profits enjoyed by the company during that time period.

41.     Plaintiff was never a shareholder of SINA DRUG.

42.     The money received pursuant to the settlement agreement did not represent income to the Plaintiff in 2007, 2008, 2009 and 2010.

43.     As a result of the improper K-1 tax return filings of the Defendant SINA DRUG, Plaintiff has been damaged in a sum to be determined based upon the amount of actual taxes owed

and or paid, plus penalties and interest by defendants improper conduct.

WHEREFORE, Plaintiff MOHAMMAD ALI MOHYUDDIN (i) demands judgment against the Defendants SINA DRUG CORP. d/b/a ONCOMED PHARMACEUTICAL SERVICES and/or KAVESH ASKARI, Individually in the First Cause of Action in the sum to be determined based upon the amount of taxes owed and/or required to be paid, together with the costs and disbursements of this action and for such other and further relief as to this Court may seem just and proper.

Dated: Carle Place, New York
      October 22, 2012

The Law Office of STEVEN COHN, P.C.

By:    Mitchell R. Goldklang
*Attorneys for Plaintiff*
One Old Country Road- Suite 420
Carle Place, New York 11514
(516) 294-6410

## INDIVIDUAL VERIFICATION

STATE OF NEW YORK )

                    ) ss.:

COUNTY OF NASSAU )

     MOHAMMAD ALI MOHYUDDIN, being duly sworn deposes and says:

     I am the Plaintiff in the action herein: I have read the annexed Summons and Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters which are stated to be alleged on information and belief, and as to those matters I believe them to be true.

                                  MOHAMMAD ALI MOHYUDDIN

Sworn to before me on this
25 day of October, 2012.

_____
Notary Public

KATHLEEN M. WARD
NOTARY PUBLIC-STATE OF NEW YORK
No. 01WA5011115
Qualified in Suffolk County
My Commission Expires April 12, 2015

CRT16R   12/06/12  14:56:37

COUNTY OF NASSAU
OFFICE OF THE COUNTY CLERK
CLERK'S MINUTES

PAGE: 1

| FILING DATE | DOCUMENT DESCRIPTION | REFERENCE NUMBER | PARTY NAMES | NOTATIONS |
| --- | --- | --- | --- | --- |
| 10/26/12 | INDEX # W/ SUMN | 12-013648 | NORTHDIE<br>SINA DRUG CORP<br>ORCHID PHARMACEUTICAL SERVICE S<br>ASHANI<br>STEVEN CORM | NORWOOD<br>KAVESH |
| 11/20/12 | AFFIDAVIT OF SE | 12-013648 | NORTHDIE<br>SINA DRUG CORP<br>ORCHID PHARMACEUTICAL SERVICE S<br>ASHANI<br>STEVEN CORM | NORWOOD<br>KAVESH<br>2 SUM/VER COMPL |

**STATE OF NEW YORK, COUNTY OF**                                            ss:

I, the undersigned, am an attorney admitted to practice in the courts of New York State, and
☐ certify that the annexed
has been compared by me with the original and found to be a true and complete copy thereof.

☐ say that: I am the attorney of record, or of counsel with the attorney(s) of record, for
. I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon
knowledge, is based upon the following:

The reason I make this affirmation instead of                            is

I affirm that the foregoing statements are true under penalties of perjury.
Dated:
..............................................................................
(Print signer's name below signature)

**STATE OF NEW YORK, COUNTY OF**                                            ss:

being sworn says: I am
☐ in the action herein; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
information and belief, and as to those matters I believe them to be true.
☐ the                                    of
a corporation, one of the parties to the action; I have read the annexed
know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on
information and belief, and as to those matters I believe them to be true.
My belief, as to those matters therein not stated upon knowledge, is based upon the following:

Sworn to before me on                      , 20
..............................................................................          ..............................................................................
(Print signer's name below signature)

**STATE OF NEW YORK, COUNTY OF**                                            ss:

being sworn says: I am not a party to the action, am over 18 years of
age and reside at
On                      , 20        , I served a true copy of the annexed
in the following manner:
☐ by mailing the same in a sealed envelope, with postage prepaid thereon, in a post-office or official depository of the U.S. Postal Service
within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

☐ by delivering the same personally to the persons and at the addresses indicated below:

Sworn to before me on                      , 20
..............................................................................          ..............................................................................
(Print signer's name below signature)

STEVEN COHN, P.C.

Index No.                          Year 20

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

MOHAMMAD ALI MOHYUDDIN,

                                                        Plaintiff,

                        -against-

SINA DRUG CORP. d/b/a ONCOMED PHARMACEUTICAL SERVICES and KAVESH
ASKARI,

                                                        Defendants.

SUMMONS AND VERIFIED COMPLAINT

STEVEN COHN, P.C.
Attorneys for  Plaintiff

SUITE 420
ONE OLD COUNTRY ROAD
CARLE PLACE, NEW YORK 11514
(516) 294-6410
FAX (516) 294-4912

To:

Attorney(s) for

Service of a copy of the within                                        is hereby admitted.

Dated

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
                        Attorney(s) for

PLEASE TAKE NOTICE

☐ NOTICE OF ENTRY

that the within is a (certified) true copy of a
entered in the office of the clerk of the within named Court on                          20

☐ NOTICE OF SETTLEMENT

that an Order of which the within is a true copy will be presented for settlement to the Hon.
                                                        one of the judges of the within named Court,
at
on                          20      , at                          M.

Dated:

                                        STEVEN COHN, P.C.
                                Attorneys for

SUITE 420
ONE OLD COUNTRY ROAD
CARLE PLACE, NEW YORK 11514

To:

Attorney(s) for

N 912 CL

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X

MOHAMMAD ALI MOHYUDDIN,

                                    *Plaintiff,*

        -against-

SINA DRUG CORP. d/b/a ONCOMED
PHARMACEUTICAL SERVICES and KAVESH
ASKARI,

                                    *Defendants*
-------------------------------------------------------------------X

Index No: *12 - 013648*
Filed On: *10-26-12*

Plaintiffs designate Nassau
County as the place of trial.
The basis of venue is the
residence address of Plaintiff.

SUMMONS

Plaintiff resides at
101 Crichet Club Drive
Roslyn, New York 11576
County of Nassau

To the Above Named Defendants:

        YOU ARE HEREBY SUMMONED to answer the Complaint in this action and to serve a
copy of your answer, or, if the Complaint is not served with this Summons, to serve a Notice of
Appearance, on the Plaintiff's Attorneys within twenty (20) days after the service of this Summons,
exclusive of the day of service (or within thirty (30) days after service is complete if this Summons
is not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
Complaint.

Dated: Carle Place, New York
        October 22, 2012

Defendants' Addresses:
Sina Drug Corp. d/b/a Oncomed Pharmaceutical Services - 225 Community Drive, Suite 100, Great
Neck, New York 11021.
Kavesh Askari - 6 Park Avenue, Manhasset, New York 11030.

                            The Law Office of STEVEN COHN, P.C.

                            By:    Mitchell R. Goldklang
                            *Attorneys for Plaintiff*
                            One Old Country Road - Suite 420
                            Carle Place, New York 11514
                            (516) 294-6410

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
-------------------------------------------------------------------X

MOHAMMAD ALI MOHYUDDIN,

Index No: 12 - 013648

Plaintiff,

**VERIFIED COMPLAINT**

-against-

SINA DRUG CORP. d/b/a ONCOMED
PHARMACEUTICAL SERVICES and KAVESH
ASKARI,

Defendants.
-------------------------------------------------------------------X

Plaintiff, MOHAMMAD ALI MOHYUDDIN, by his attorneys, the Law Office of Steven

Cohn, P.C., complaining of the Defendants, SINA DRUG CORP. d/b/a ONCOMED

PHARMACEUTICAL SERVICES and KAVESH ASKARI, alleges upon information and belief,

as follows:

1.       At all times hereinafter mentioned, Plaintiff MOHAMMAD ALI MOHYUDDIN was

and still is a resident of the County of Nassau and State of New York.

2.       Plaintiff MOHAMMAD ALI MOHYUDDIN is a physician and pharmacist licensed

to practice under the laws of the state of New York.

3.       Upon information and belief, Defendant SINA DRUG CORP. (hereinafter "SINA

DRUG") is a closely-held corporation and existing under the laws of the State of New York.

4.       Upon information and belief KAVAH ASKARI is an individual residing at 6 Park

Avenue, Manhasset, New York 11021.

5.       Upon information and belief KAVEH ASKARI is the sole shareholder of Sina Drug.

6.       Upon information and belie KAVEH ASKARI   is the sole principal and director of

Sina Drug.

## BACKGROUND

7.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "6" of the Complaint with the same force and effect as if said paragraphs were set forth fully herein.

8.     In or about April, 2003, Plaintiff was hired as an employee of Defendant SINA DRUG by its principal, Defendant KAVEH ASKARI (hereinafter "ASKARI") at a weekly salary agreed upon between the parties.

9.     Upon information and belief, Defendant ASKARI was the sole shareholder of SINA DRUG at the time of Plaintiff's hiring to date and continuing.

10.     Upon information and belief, at all times relevant hereto, Defendant ASKARI was the sole officer and director of SINA DRUG and controlled its affairs.

11.     At the time of Plaintiff's hiring, in addition to his weekly salary, Defendant ASKARI promised Plaintiff an 18% ownership interest in SINA DRUG.

12.     Although Plaintiff was promised an 18% ownership interest in SINA DRUG, plaintiff was never made a shareholder of said company or provided an 18% interest in SINA DRUG.

13     Plaintiff was never an officer or director of SINA DRUG and he never took on any fiduciary responsibilities of the company at any time.

14.     On more than one occasion during his employment with SINA DRUG, Plaintiff asked Defendant ASKARI to memorialize his ownership interest and to issue shares representing his 18% ownership interest in SINA DRUG.  Notwithstanding ASKARI's promise to provide such documentation and issue shares to Plaintiff, he failed and refused to do so.

-2-

15. On or about May 2, 2005, Plaintiff's employment with SINA DRUG terminated.

16. Even though he was no longer an employee of SINA DRUG, Plaintiff never received distributions of his proportionate share of the company's net profit.

17. From 2005 until the present, Plaintiff was never paid a salary by SINA DRUG.

18. From 2005 until the present, Plaintiff never shared in the profits of SINA DRUG.

19. From 2005 until the present, Plaintiff never received any form of compensation from SINA DRUG.

## AS AND FOR A FIRST CAUSE OF ACTION

20. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "19" of the Complaint with the same force and effect as if said paragraphs were set forth fully herein.

21. On or about August, 2006, SINA DRUG and ASKARI commenced an action against Plaintiff for a variety of allegations. Following several years of litigation, the Defendant in that action, Mohammad Mohyuddin (plaintiff herein), entered into a Settlement Agreement with the Plaintiff in that action Kaveh Askari(defendant herein), by which all claims or counterclaims, including any claim made by Mohyuddin to share in Oncomed, would be settled as Oncomed agreed to pay Mohyuddin Three Million Eight Hundred Thousand ($3,800,000.00) Dollars in settlement of the counterclaims.

22. Concurrent with the execution of the Settlement Agreement dated May 9, 2011, Oncomed had placed in escrow a share certificate representing 18% of the shares of Oncomed.

23. The shares were thereafter held in escrow pending payment of the settlement in full made by Oncomed to Mohyuddin.

24.    Payment in full was thereafter made on July 15, 2011.

25.    Following payment in full, the share certificate representing eighteen (18%) percent of Oncomed having been held in escrow became void.

26.    At no time did Plaintiff ever receive any shares of Sina Drug, nor was he ever a shareholder of Sina Drug.

27.    At no time did Plaintiff ever receive any ownership interest in Sina Drug.

28.    Following full payment of the settlement by Defendant ASKARI, said Defendant thereafter amended his 2007, 2008, 2009 and 2010 tax returns. Copies of the Schedule K-1 forms from those returns are annexed hereto.

29.    On the 2007 K-1 schedule, SINA DRUG claimed that the Plaintiff received thirty-seven thousand six hundred and thirty-eight ($37,638.00) dollars in ordinary income based upon 18% share of the company.

30.    On the 2008 K-1 schedule, SINA DRUG claimed that the Plaintiff received Three Hundred Ninety Thousand Seven Hundred Twenty-Seven ($390,727.00) Dollars in ordinary income based upon 18% share of the company.

31.    On the 2009 K-1 schedule, SINA DRUG claimed that the Plaintiff received Four Hundred Forty-Three Thousand One Hundred Eight ($443,108.00) Dollars in ordinary income based upon 18% share of the company.

32.    On the 2010 K-1 schedule, SINA DRUG claimed that the Plaintiff received Three Hundred Ninety-Six Thousand Three Hundred Twenty-Five ($396,325.00) Dollars in ordinary income based upon 18% share of the company.

-4-

33.    Plaintiff never received thirty-seventy thousand six hundred and thirty($37,638.00)Dollars in income from the Defendant in 2007.

34.    Plaintiff never received Three Hndred Ninety Thousand and Seven Hundred Twenty-Seven($390,727.00) Dollars in income from the Defendant in 2008.

35.    Plaintiff never received Four Hundred Forty-Three Thousand One Hundred Eight ($443,108.00) Dollars in income from the Defendant in 2009.

36.    Plaintiff never received Three Hundred Ninety-Six Thousand Three Hundred Twenty-Five ($396,325.00) Dollars in income from the Defendant in 2010.

37.    As a result of the Defendant's improper tax filing, Plaintiff will be required to pay taxes for the years 2007, 2008, 2009 and 2010.

38.    Defendants filing of the aforementioned K-1 schedules was improper as Plaintiff was never a shareholder of SINA DRUG.

39.    At no time was Plaintiff ever issued any shares of stock of SINA DRUG nor did Defendant permit Plaintiff to enjoy the benefits of any such shareholder interest.

40.    At no time did Plaintiff ever receive any shareholder rights or benefits legally flowing therefrom, including, but not limited to distributions of any monthly and annual net profits enjoyed by the company during that time period.

41.    Plaintiff was never a shareholder of SINA DRUG.

42.    The money received pursuant to the settlement agreement did not represent income to the Plaintiff in 2007, 2008, 2009 and 2010.

43.    As a result of the improper K-1 tax return filings of the Defendant SINA DRUG, Plaintiff has been damaged in a sum to be determined based upon the amount of actual taxes owed

and or paid, plus penalties and interest by defendants improper conduct.

WHEREFORE, Plaintiff MOHAMMAD ALI MOHYUDDIN (i) demands judgment against the Defendants SINA DRUG CORP. d/b/a ONCOMED PHARMACEUTICAL SERVICES and/or KAVESH ASKARI. Individually in the First Cause of Action in the sum to be determined based upon the amount of taxes owed and/or required to be paid, together with the costs and disbursements of this action and for such other and further relief as to this Court may seem just and proper.

Dated: Carle Place, New York
      October 22, 2012                  The Law Office of STEVEN COHN, P.C.

By:    Mitchell R. Goldklang
*Attorneys for Plaintiff*
One Old Country Road- Suite 420
Carle Place, New York 11514
(516) 294-6410

-6-